FEE PAID

Jorge Alejandro Rojas
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
424-219-1582



FILED
CLERK, U.S. DISTRICT COURT

11/3/23

CENTRAL DISTRICT OF CALIFORNIA
BY: ___EEE___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ALEJANDRO ROJAS,<br><br>           Plaintiff,<br><br>      v.<br><br>GREEN GIANT MARKETING AND SALES doing business as GIANT CONSTRUCTION, and NEIV JONATHAN LEVY,<br><br>           Defendants. | Case No. 2:23-CV-09276-JFW-MAAx<br>_____<br><br>**COMPLAINT FOR:**<br><br>1. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 |

Plaintiff, Jorge Alejandro Rojas, files this Complaint under the Telephone Consumer Protection Act, 47 U.S.C. § 227, against Defendants Green Giant Marketing And Sales, doing business as Giant Construction ("Green Giant"), and Neiv Jonathan Levy ("Levy"), collectively "Defendants", and alleges based on personal knowledge and information and belief, as follows:

## INTRODUCTION

1.      As the Supreme Court has explained, Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The government receives a staggering number of complaints about robocalls—3.7 million complaints in

-1-

2019. The States likewise field a constant barrage of complaints. For nearly 30 years, representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits robocalls to cell phones and home phones. *See Barr v. Am. Ass'n of Political Consultants,* 140 S. Ct. 2335, 2343 (2020).

2. Plaintiff brings this action against Defendants for violations of the TCPA, 47 U.S.C. § 227, and its implementing regulations, 47 C.F.R § 64.1200.

3. This case involves a campaign by Defendants to obtain business via itself or affiliates making telemarketing calls concerning home construction services.

4. The callers would omit providing sufficient identifying information in order to attempt to escape liability.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331.

6. This Court has personal jurisdiction over Defendants as they regularly and systemically conduct business in the state of California. Specifically, the Defendants conduct significant business in the State, and are incorporated within the same. The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

7. The telephone calls at issue were made concerning property located in Torrance, California, which is within this District. The telephone calls placed were made based upon the (mistaken) belief that Plaintiff continues to reside within this District.

8. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

9. Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois. Plaintiff previously resided within this District.

1     10.    Defendant Green Giant Marketing And Sales, doing business as Giant Construction ("Green Giant") is a California corporation, with a principal place of business of 1770 El Cerrito Pl #101 Los Angeles, CA 90028, a Mailing Address of 1942 Orchid Ave, Los Angeles, CA 90068, and an agent for service of process of Neiv Jonathan Levy, located at 5627 Ranchito Ave Van Nuys, CA 91401.

11.    Defendant Neiv Jonathan Levy ("Levy") is the CEO, Secretary, Chief Financial Officer, and Director of Green Giant, and is located at any of the above addresses.

12.    Defendants are each a person as defined by 47 U.S.C. § 153(39).

13.    Defendants acted through their agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## STATUTORY BACKGROUND

14.    The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012).

15.    The TCPA makes it unlawful to make calls using an automatic telephone dialing system ("ATDS") without the call recipient's prior express consent.

16.    In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition,

the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]" *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

17. The TCPA provides a private cause of action to persons who receive such automated or pre-recorded calls. *See* 47 U.S.C. § 227(b)(3).

18. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

19. A listing on the Registry "must be honored indefinitely, or until the registration is canceled by the consumer or the telephone number is removed by the database administrator." *Id.*

20. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers whose numbers are on the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R § 64.1200(c)(2).

21. The TCPA's definition of telephone solicitation applies to the "initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).

22. The TCPA's definition of unsolicited advertisement applies to "means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

23. The TCPA's implementing regulations require that the caller provide the called party the name of the individual caller, the name of the person or entity on whose behalf the call is made, and a telephone or address where the person may be reached. 47 C.F.R. § 64.1200(b); 47 C.F.R § 64.1200(d)(4).

24. Under the TCPA, an individual may be personally liable for the acts alleged in the Complaint pursuant to 47 U.S.C. § 217 of the TCPA, which reads, inter alia: "[T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user *as well as of that person*." (*emphasis* added)

25. When considering individual officer liability under the TCPA, other Courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *See, e.g., Jackson Five Star Catering, Inc. v. Beason*, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA "where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'"); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

26. Individual Defendants directed and oversaw the telemarketing activity in progress, including selecting any third-party affiliate to make the call, exercised control over those affiliates, and any other employees who made the telephone calls.

27. Employees can be held liable in TCPA actions for unlawful conduct.

28. The individual defendant in this case personally participated in the actions complained of by: (a) personally selecting the phone numbers that would be called; (b) approving the scripting that would be used on the calls; (c) selecting and managing the dialing equipment or supplier of the same used to make the calls; and (d) personally paying for the calls.

## FACTUAL ALLEGATIONS

29. At all times relevant hereto, Plaintiff maintained and used a residential cellular telephone line, with phone number (424) XXX-1582. The phone number is not associated with a business and is used by Plaintiff solely.

30. Plaintiff is the account holder and customary user of his phone number.

31. Plaintiff registered his phone number on the Federal Do Not Call Registry on or around January 18, 2008.

32. Plaintiff registered his phone number on the Do Not Call list to obtain solitude from invasive and harassing telemarketing calls. The calls prevented Plaintiff from using his phone for legitimate purposes.

33. Plaintiff also alleges that Defendants may have made other telephone calls prior to the Call 1 identified below, which will be identified further in discovery.

34. During some of the telephone calls, Plaintiff would ask the caller to provide identifying information such as a website or call back number so as to be able to identify the caller – because they would otherwise use ambiguous, non-existent names.

35. **Call 1.** On or about September 7, 2023, at 9:52 AM Pacific time, Plaintiff received a telephone call from Defendants, or an agent or affiliate acting on their behalf, from 310-304-0173.

36. Plaintiff's phone flagged the number as "Scam Likely."

37. An online search of the above telephone number leads to results flagging the telephone number as a robocall. https://mobile-api.nomorobo.com/lookup/310-304-0173.

38. When Plaintiff answered the call, he spoke to a "Ben" who identified himself as being with "Great Builders" seeking individuals interested in doing construction work.

39. Plaintiff made a verbal do not call request to Ben during the telephone call.

40. **Call 2.** On or about October 5, 2023, at 9:20 AM Pacific time, Plaintiff received a telephone call from Defendants, or an agent or affiliate acting on their behalf, from 310-304-0197.

41. An online search of the above telephone number leads to results flagging the telephone number as a robocall. https://lookup.robokiller.com/p/310-304-0197

42. When Plaintiff answered the telephone and following a longer than natural pause which included Plaintiff stating a greeting multiple times, he was connected to a "Kevin" with "Great Builders" who stated he was calling regarding concerning a property located in Torrance, CA. Kevin stated a "project specialist" would call Plaintiff back.

43. **Call 3.** On or about October 20, 2023, at 8:32 AM Pacific time, Plaintiff received a telephone call from Defendants, or an agent or affiliate acting on their behalf, from 310-304-1968.

44. Plaintiff missed Call 3.

45. During a call back on November 2, 2023, from Plaintiff's phone to the telephone which was displayed on the Caller ID in Call 3, Plaintiff heard a song play as hold tone, which is the same song that played when Plaintiff called back the telephone number in Call 1 back on November 2, 2023.

46. Plaintiff alleges Call 3 was from the same Defendants, or someone acting on their behalf, not only by the similarity in the phone numbers, but also because when calling the numbers back, he heard the same song play.

47. **Call 4.** On or about October 20, 2023, at 9:19 AM Pacific time, Plaintiff received a telephone call from Defendants, or an agent or affiliate acting on their behalf, from 310-304-0194.

48. An online search of the above telephone number leads to results flagging the telephone number as a robocall. https://lookup.robokiller.com/p/310-304-0194 and https://800notes.com/Phone.aspx/1-310-304-0194.

49. When Plaintiff answered the phone, he spoke to a female who identified herself as with "Giant Builders." The female stated that they have offices in Seattle and Los Angeles. Plaintiff informed her he was not interested.

50. **Call 5.** On or about October 26, 2023, at 1:56 PM Pacific time, Plaintiff received a telephone call from Defendants, or an agent or affiliate acting on their behalf, from 323-238-4393.

51. When Plaintiff answered the telephone and following a longer than natural pause which included Plaintiff stating a greeting multiple times, he was connected to a "Jesse" with "Great Builders" who stated that the project specialists "Zack or Todd" would call Plaintiff back.

52. Plaintiff attempted to call back the telephone number 323-238-4393 back and was able to connect to someone who said that they were with a "Home and Care" company and provided that as a company name.

53. The telephone number is assigned to carrier "Commio," https://freecarrierlookup.com, which according to some is one of the largest source carriers for telephone spam. https://news.ycombinator.com/item?id=34570388.

54. **Call 6.** On or about October 31, 2023, at 1:20 PM Pacific time, Plaintiff received a telephone call from Defendants, or an agent or affiliate acting on their behalf, from 425-242-3695.

55. When Plaintiff answered the telephone, he was connected to a "Bella" who stated she was with "Giant Builders" and connected Plaintiff to another representative who provided a license number of 81308514529 (which does not exist in California).

56. The representative Plaintiff was connected to provided a website of https://www.giantsconstruction.com and stated he would be texting Plaintiff with more info – a text Plaintiff never got.

57. **Call 7.** On or about November 2, 2023, at 8:40 AM Pacific time, Plaintiff received a telephone call from Defendants, or an agent or affiliate acting on their behalf, from 310-304-1972.

58. An online search of the above telephone number leads to results flagging the telephone number as a robocall. https://www.nomorobo.com/lookup/310-304-1972 and https://lookup.robokiller.com/p/310-304-1972.

59. The call appeared as "Deanna Nickles" on Plaintiff's caller ID.

60. When Plaintiff answered the phone, he was connected to a "Willy" with "Giant Builders" who connected Plaintiff to a "Zack" when Plaintiff asked for more information regarding the company that was calling.

61. Zack eventually stated in sum and substance "Oh my god. It's you again. Oh my god. You Guys. George [sic] Rojas, he asks a billion questions, and we don't want him as a customer."

62. Plaintiff presumes that the "billion questions" are surrounding the true entity name behind the telephone calls he kept receiving notwithstanding having made verbal do not call requests, and Defendants lacking consent to call him in the first place.

63. The website provided during the telephone call, https://www.giantsconstruction.com, identifies neiv@giantsconstruction.com as a "Contact us" email.

64. Plaintiff sent a written request for Defendants Do Not Call policy in writing via e-mail to neiv@giantsconstruction.com on November 3, 2023.

65. Plaintiff sent a written request to Defendant to place Plaintiff on their do not call list in writing via e-mail to neiv@giantsconstruction.com on November 3, 2023, notwithstanding the prior verbal requests he has made.

66. From 2019 to September 30, 2021, Green Giant Marketing and Sales, dba Giant Construction, held a "B – General Building" license, but that license has expired.

67. Defendant Green Giant lists in its Statement of Information filed with the California Secretary of State that it is a "Marketing Sales Construction" type of business.

68. "Great Builders" and "Giant Builders" are the same. Both have the same "Zack" – compare Call 5 with Call 7.

69. To the extent that Defendants are utilizing a third-party call center to make calls on its behalf, Defendants named here are vicariously liable for their conduct, as that conduct was made for their own benefit.

70. The calls were made for the purposes of soliciting the services of an organization which performs home construction and renovation services.

71. Courts have relied in part on the "the general tort rule that 'corporate officers or agents are personally liable for those torts which they personally commit, or which they inspire or participate in, even though performed in the name of an artificial body.'" *Universal Elections*, 787 F. Supp. 2d at 416 (internal citations omitted); *see also Am. Blastfax, Inc*., 164 F. Supp. 2d at 898.

72. The individual Defendants in this action engaged in the operation of the telemarketing scheme.

73. Plaintiff alleges that the calls were made using an ATDS due to indicators such as the longer than natural pauses when answering the telephone prior to being connected to an individual.

74. The conduct alleged in this action was made willful and knowingly.

75. The TCPA requires telemarketers to provide training to their employees, contractors, etc., and Defendants have failed to properly train the same.

76. Plaintiff did not have a prior business relationship with Defendants.

77. Defendants did not have any consent to call Plaintiff.

78. Defendants are not an organization exempt from the TCPA.

79. Defendants' calls to Plaintiff were made for the purpose or intention of being a "telephone solicitation."

80. Defendants' calls to Plaintiff were made for the purpose or intention of being an "unsolicited advertisement."

81. Upon information and belief, Plaintiff received additional calls from Defendants and their affiliates not included above.

82. Plaintiff alleges that Defendants train their affiliates to avoid divulging too much information to leads and customers to evade TCPA liability.

83. In total, Defendants and/or their affiliates placed at least SEVEN (7) telephone solicitation calls to Plaintiff.

84. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation, and a sense that his privacy has been invaded by Defendants.

85. Defendants have a pattern and practice of failing to comply with the TCPA.

86. The foregoing acts and omissions were in violation of the TCPA.

87. Defendants are engaging in violations of the TCPA to get business.

88. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, Plaintiff is entitled to treble damages of up to $1,500.00 for each call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

89. The acts and omissions of Defendants constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

90. Plaintiff seeks injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

91. Plaintiff is also entitled to an award of costs.

92. Defendants' calls were not made for "emergency purposes."

93. Defendants' calls to Plaintiff were made without any prior express written consent.

94. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton, and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

95. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively, and fraudulently and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

96. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

97. Plaintiff, in discovery will better identify how many telephone calls were made by Defendants and or their agents or affiliates, and requests leave to amend the complaint after identifying the instance count.

**COUNT 1. Violation of the TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)**

98. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

99. Defendant or one of its affiliates or vendors called Plaintiff's cellular telephone using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least SEVEN (7) occasions in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.

100. Plaintiff was statutorily damaged at least SEVEN (7) occasions under 47 U.S.C. § 227(b)(3)(B) by the Defendant by the telephone call described above, in the amount of $500.00 for each.

101. Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and severally, in an amount of $10,500.00 plus costs and any other remedy deemed appropriate.

**COUNT 2.**

Violation concerning Do Not Call List, 47 U.S.C. 227(c)

102. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

103. The TCPA's implementing regulations require that the caller provide the called party the name of the individual caller, the name of the person or entity on whose

behalf the call is made, and a telephone or address where the person may be reached. 47 C.F.R. § 64.1200(b); 47 C.F.R § 64.1200(d)(4).

104. By placing at least SEVEN (7) telemarketing calls to the Plaintiff, whose number is on the Do-Not-Call registry, failing to have a written Do-Not-Call policy, failing to maintain the Plaintiff on their Do-Not-Call list, failing to provide proper training to their employees, and failing to properly identify themselves, Defendants, jointly and severally, violated 47 U.S.C. § 227(c)(5) by violating the implementing regulations codified in 47 C.F.R. § 64.1200(c) and (d).

105. Defendants called Plaintiff at least SEVEN (7) times notwithstanding him being on the Do Not Call list for several years.

106. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute violations of the TCPA, 47 U.S.C. § 227(c), codified at 47 C.F.R. § 64.1200, by, inter alia, refusing to scrub against the National Do-Not-Call registry, refusing to maintain Plaintiff's number on an internal Do-Not-Call list, and failing to have a Do-Not-Call policy.

107. As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on their behalf's violations of the TCPA, 47 U.S.C. § 227(c), Plaintiff is entitled to an award of $500 in damages for each and every call and violation made to his telephone number in violation of the TCPA's implementing regulations codified at 47 C.F.R. § 64.1200, pursuant to 47 U.S.C. § 227(c)(5)(B).

108. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on their behalf from violating the TCPA, 47 U.S.C. § 227(c), by making calls in violation of any of the TCPA's implementing regulations in the future.

109. The Defendants' violations were knowing and/or willful. Accordingly, the Plaintiff seeks up to treble damages of the $500 per violation award, as provided in 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(c)(5).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and severally, in an amount of $10,500.00 plus costs and any other remedy deemed appropriate.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendants, jointly and severally, in an amount to be more fully determined at trial, but at least $21,000.00 as permitted by statute, as follows:

A. All actual damages Plaintiff suffered,

B. Statutory damages of $500.00 per call for every violation of 47 U.S.C. § 227(b),

C. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C) and 47 U.S.C. § 227(c)(5),

D. Statutory damages of $500.00 per call for every violation of 47 U.S.C. § 227(c),

E. Statutory damages of $500 for each violation of 47 C.F.R. § 64.1200,

F. Treble statutory damages of $1,500.00 per violation of the TCPA's implementing regulations,

G. All reasonable witness fees, court costs, pre-judgment and post-judgment interest, and other litigation costs incurred by Plaintiff,

H. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future,

I. Leave to amend this Complaint to conform to the evidence presented at trial,

J. Any other relief this Court deems proper.

Respectfully submitted,

Dated: November 3, 2023

JORGE ALEJANDRO ROJAS
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582