UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Jorge Alejandro Rojas,                )  Case No. **CV 23-9276-JFW(MAAx)**
                                      )
            Plaintiff,                )  **STANDING ORDER**
                                      )
     v.                               )
                                      )
Green Giant Marketing and Sales,      )
et al.,                               )
                                      )
            Defendants.               )
_____

**READ THIS ORDER CAREFULLY. IT CONTROLS THE CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

This action has been assigned to the calendar of Judge John F. Walter.  Both the Court and counsel[1] bear responsibility for the progress of litigation in Federal Court.  To secure the just, speedy, and inexpensive determination of every action, all counsel are ordered to familiarize themselves with the Federal Rules of Civil Procedure, the Local Rules of the Central District of California, the General Orders of the Central District and the Judge's Procedures and Schedules found on the website

_____

[1]Any reference in the Court's Standing Order (or any other court order) to "counsel" or "attorney" applies to parties appearing pro se unless the context requires otherwise.

for the United States District Court for the Central District
of California (www.cacd.uscourts.gov).

**1.   Service of the Complaint:**

  The plaintiff shall promptly serve the Complaint in
accordance with Fed.R.Civ.P. 4 and shall file the proof(s) of
service pursuant to the Local Rules.  **The plaintiff is hereby
notified that failure to serve the Complaint as required by
Fed.R.Civ.P. 4(m) will result in the dismissal of the
Complaint against the unserved defendant(s).**

**2.   Presence of Lead Counsel:**

  Lead trial counsel shall attend all proceedings before this
Court and all Local Rule 7-3, scheduling, status, and
settlement conferences.  Only <u>ONE</u> attorney for a party may be
designated as lead trial counsel unless otherwise permitted
by the Court.

**3.   Electronic Filing and Courtesy Copies:**

  (a) Within ten days of a party's initial appearance, lead
trial counsel shall file a declaration entitled, "Declaration
of Lead Trial Counsel" which shall: (1) notify the Court that
counsel has registered as an "CM/ECF User;" (2) include lead
counsel's "E-Mail Address of Record;" and (3) confirm that
lead counsel has read the Court's Standing Order and the
Local Rules.

  (b) All documents that are required to be filed in an
electronic format pursuant to the Local Rules shall be filed
electronically no later than 4:00 p.m. on the date due unless
otherwise ordered by the Court.  Any documents filed
electronically after 4:00 p.m. on the date due will be

considered late and may be stricken by the Court.  All
documents filed electronically shall be filed in accordance
with the Local Rule 5-4.  Each PDF file shall contain no more
than one document or exhibit, *see* Local Rule 5-4.3.1, and
each document or exhibit shall be meaningfully described on
the docket such that the document or exhibit can be easily
identified.  For example, if a declaration in support of a
motion appears as Docket No. 30, exhibit 1 to the declaration
should be filed as Docket No. 30-1 with a description of the
exhibit that includes the title of the exhibit and the
exhibit number (e.g., Exhibit 1: Letter from John Doe to Jane
Doe dated January 1, 2021).  Exhibit 2 to the declaration
should be filed as Docket No. 30-2 with a description of the
exhibit which includes the title of the exhibit and exhibit
number (Exhibit 2: Letter from Jane Doe to John Doe dated
January 2, 2021), and so on.  Any documents which counsel
attempt to file electronically which are improperly filed
will not be accepted by the Court.

 (c) Counsel are ORDERED to deliver **2 copies** of all documents
filed electronically in this action to Chambers.  For each
document filed electronically, one copy shall be marked
"CHAMBERS COPY" and the other copy shall be marked "COURTESY
COPY."  The "CHAMBERS COPY" and "COURTESY COPY" are
collectively referred to herein as "Courtesy Copies." The
Courtesy Copies of each electronically filed document must
include on each page the running header created by the ECF
system.  In addition, on the first page of each Courtesy
Copy, in the space between lines 1 - 7 to the right of the

center, counsel shall include the date the document was
e-filed and the document number. The Courtesy Copies shall be
single-sided and shall <u>not</u> be blue-backed. All documents must
be stapled only in the top left-hand corner, the electronic
proof of service must be attached as the last page of each
document, and the exhibits attached to any document must be
tabbed.  Counsel shall not staple the "COURTESY COPY" and
"CHAMBERS COPY" together. The "COURTESY COPY" and "CHAMBERS
COPY" of all documents must be three-hole punched at the left
margin with oversized 13/32" hole size, not the standard
9/32" hole size.  If evidence attached to a document exceeds
twenty-five pages, the Courtesy Copies of the evidence shall
be placed in separately bound volumes and include a Table of
Contents.  If such evidence exceeds fifty pages, the Courtesy
Copies of such evidence shall be placed in a slant D-ring
binder with each item of evidence separated by a tab divider
on the right side. All documents contained in the binder must
be three hole punched with the oversized 13/32" hole size,
not the standard 9/32" hole size.  The binder shall include a
Table of Contents and the spine of the binder shall be
labeled with its contents.

 The Courtesy Copies shall be delivered to Chambers no later
than 10:00 a.m. on the next business day after the document
was electronically filed.

 (d) For any document that is not required to be filed
electronically, counsel are ORDERED to deliver 1 conformed
copy of the document, which shall be marked "COURTESY COPY,"
to Chambers **at the time of filing**. For any document or

4

1  exhibit that is not required to be filed electronically,

2  counsel shall retain a copy of that document or exhibit until

3  all appeals have been exhausted.

4  (e)   If the Court has granted an application to file

5  documents under seal, the Court's Courtesy Copies shall

6  include a complete version of the documents including any

7  sealed documents. Each document that has been filed under

8  seal shall include a notation identifying that the document

9  has been filed under seal, and shall be highlighted to show

10  the portion of the document that has been redacted. For

11  example, if the Court orders Ex. A to a Declaration filed

12  under seal, the Court's Courtesy Copies of the Declaration

13  should include Ex. A as an attachment with a notation that it

14  has been filed under seal pursuant to the Court's order and

15  any redactions shall be highlighted.

16  (f)      In the unlikely event counsel finds it necessary to

17  file a Notice of Errata: (1) the Notice of Errata shall

18  specifically identify each error by page and line number and

19  set forth the correction; and (2) a corrected version of the

20  document in its entirety shall be attached to the Notice of

21  Errata.

22  (g) When a proposed order or other proposed document

23  accompanies an electronic filing, the proposed order or other

24  proposed document shall be in PDF format and included, as an

25  attachment, with the main electronically filed document

26  (e.g., stipulations, applications, motions).  Proposed orders

27  or other proposed documents (such as a proposed judgment)

28  that are not lodged with a main document shall be

1   electronically lodged as an attachment to a Notice of
2   Lodging; if the proposed document is being submitted in
3   response to a court order, the filer shall link the Notice of
4   Lodging to that court order.

5    After a document requiring a judge's signature has been
6   lodged, a WordPerfect or Microsoft Word copy of the proposed
7   document, along with a PDF copy of the electronically filed
8   main document, <u>MUST</u> be emailed to the chambers email address,
9   <u>EITHER</u> by using the "Proposed Orders" link within the CM/ECF
10  System <u>OR</u> by sending a separate email with the subject line
11  in the following format: Court's divisional office, year,
12  case type, case number, document control number assigned to
13  the main document at the time of filing, judge's initials,
14  and filer (party) type and name (e.g., for Los Angeles:
15  LA08CV00123-6-ABC-Defendant). **Do not submit the proposed**
16  **order twice.** Failure to comply with this requirement may
17  result in the denial or striking of the request or the Court
18  may withhold ruling on the request until the Court receives
19  the required documents.

20  **4.   <u>Discovery</u>:**

21   (a) All discovery matters have been referred to a United
22  States Magistrate Judge. (The Magistrate Judge's initials
23  follow the Judge's initials next to the case number.)  All
24  discovery documents must include the words "DISCOVERY MATTER"
25  in the caption to ensure proper routing.  Counsel are
26  directed to contact the Magistrate Judge's Courtroom Deputy
27  to schedule matters for hearing.

28

1  All decisions of the Magistrate Judge shall be final,
2  subject to modification by the District Court only where it
3  is shown that the Magistrate Judge's Order is clearly
4  erroneous or contrary to law.  Any party may file and serve a
5  motion for review and reconsideration before this Court.  The
6  moving party must file and serve the motion within fourteen
7  calendar days of service of a written ruling or within
8  fourteen calendar days of an oral ruling that the Magistrate
9  Judge states will not be followed by a written ruling.  The
10  motion must specify which portions of the ruling are clearly
11  erroneous or contrary to law and support the contention with
12  a memorandum of points and authorities.  Counsel shall
13  deliver a courtesy copy of the moving papers and responses to
14  the Magistrate Judge.
15  (b) Counsel shall begin to actively conduct discovery before
16  the Fed.R.Civ.P. 26(f) conference because at the Scheduling
17  Conference the Court will impose tight deadlines to complete
18  discovery.  If the action is a putative class action, the
19  parties shall begin to conduct discovery immediately, so that
20  the Motion for Class Certification can be timely filed.
21  **5.  <u>Motions</u>:**
22  **(a) Time for Filing and Hearing Motions:**
23  Motions shall be filed in accordance with the Local Rules.
24  This Court hears motions on **Mondays commencing at 1:30 p.m.**
25  Once a party has noticed a motion for hearing on a particular
26  date, the hearing shall not be continued without leave of
27  Court.  No supplemental briefs shall be filed without leave
28  of Court.  Courtesy Copies shall be provided to the Court in

accordance with paragraph 3 of this Order.  No motion shall
be noticed for hearing for more than 35 calendar days after
service of the motion unless otherwise ordered by the Court.
Documents not filed in compliance with the Court's
requirements will be stricken and will not be considered by
the Court.

**(b) Local Rule 7-3:**

Among other things, Local Rule 7-3 requires counsel to
engage in a pre-filing conference to discuss thoroughly the
substance of the contemplated motion and any potential
resolution.  Counsel should discuss the issues with
sufficient detail so that if a motion is still necessary, the
briefing may be directed to those substantive issues
requiring resolution by the Court.

Many motions to dismiss or to strike could be avoided if the
parties confer in good faith especially for perceived defects
in a Complaint, Answer, or Counterclaim which could be
corrected by amendment.  *See, e.g., Eminence Capital, LLC v.
Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)(where a
motion to dismiss is granted, a district court should provide
leave to amend unless it is clear that the Complaint could
not be saved by any amendment).  The Ninth Circuit requires
that this policy favoring amendment be applied with "extreme
liberality." *Morongo Band of Mission Indians v. Rose*, 893
F.2d 1074, 1079 (9th Cir. 1990).

These principles require counsel for the plaintiff to
carefully evaluate the defendant's contentions as to the
deficiencies in the Complaint, and in most instances, the

moving party should agree to any amendment that would cure a curable defect.  Counsel should, at the very least, resolve minor procedural or other non-substantive matters during the conference.

All 7-3 conferences shall be conducted **in person** by lead counsel.  If lead counsel are not located in the same county in the Central District of California, the conference may take place via video (letters and e-mail do not constitute a proper 7-3 conference).  The pro se status of one or more parties does not excuse compliance with Local Rule 7-3.

Notwithstanding the exemption for preliminary injunction motions in Local Rule 7-3, counsel contemplating filing a preliminary injunction motion shall comply with Local Rule 7-3 and meet and confer **in person** at least five days prior to the filing of such a motion.

Not more than three days after the 7-3 conference for any contemplated motion, counsel shall file a joint statement indicating the date of, duration of, and method of communication used during the conference and the participants in the conference.  In addition, the joint statement shall detail the issues discussed and resolved during the conference and the issues remaining.  Failure to strictly comply with the Court's requirements or Local Rule 7-3 will result in the striking and/or the denial of the motion.

**(c) Length and Format of Motion Papers:**

**Memoranda of Points and Authorities in support of or in opposition to motions shall not exceed 25 pages.  Replies shall not exceed 12 pages.**  Only in rare instances and for

good cause shown will the Court grant an application to extend these page limitations.  Courtesy Copies of all evidence in support of or in opposition to a motion, including declarations and exhibits to declarations, shall be separated by a tab divider on the bottom of the page.  If evidence in support of or in opposition to a motion exceeds twenty-five pages, the Courtesy Copies of the evidence shall be placed in separately bound volumes and include a Table of Contents.  If such evidence exceeds fifty pages, the Courtesy Copies of such evidence shall be placed in a slant D-ring binder with each item of evidence separated by a tab divider on the right side.  All documents contained in the binder must be three hole punched with the oversized 13/32" hole size, not the standard 9/32" hole size.  The binder shall include a Table of Contents and the spine of the binder shall be labeled with its contents.

**Typeface shall comply with the Local Rules. NOTE: If Times Roman is used, the font size must be no less than 14; if Courier is used, the font size must be no less than 12.** Footnotes shall be in the same typeface and font size as the text and shall be used sparingly.

Documents which do not conform to the Local Rules and this Order will not be considered.

**(d) Citations to Case Law:**

Citations to case law **must** identify not only the case being cited, but the specific page referenced. In the event it is necessary to cite to Westlaw or Lexis, the Court prefers that

1  counsel cite to Westlaw.  Hyperlinks to case citations must

2  be included.

3  **(e) Citations to Other Sources:**

4   Statutory references should identify, with specificity,

5  which sections and subsections are being referenced (*e.g.*,

6  Jurisdiction over this claim for relief may appropriately be

7  found in 47 U.S.C. § 33, which grants the district courts

8  jurisdiction over all offenses of the Submarine Cable Act,

9  whether the infraction occurred within the territorial waters

10  of the United States or on board a vessel of the United

11  States outside said waters).  Statutory references which do

12  not specifically indicate the appropriate section and

13  subsection (*e.g.*, Plaintiffs allege conduct in violation of

14  the Federal Electronic Communication Privacy Act, 18 U.S.C. §

15  2511, *et seq.*) are to be **avoided.**  Citations to treatises,

16  manuals, and other materials should similarly include the

17  volume and the section referenced.

18  **(f)        Proposed Statement of Decision**

19   Not more than two days after the deadline for filing the

20  Reply, each party shall lodge a Proposed Statement of

21  Decision, which shall contain a statement of the relevant

22  facts and applicable law with citations to case law and the

23  record.  The Proposed Statement of Decision shall not exceed

24  fifteen pages and shall be in a form that would be

25  appropriate for the Court to enter as its final order on the

26  motion.  The Proposed Statement of Decision shall be

27  submitted to the Court in accordance with the Local Rules and

28  shall be e-mailed in WordPerfect or Word format to the

Chambers' e-mail address (JFW_Chambers@cacd.uscourts.gov) at the time of filing. Failure to lodge the Proposed Statement of Decision will result in the denial or granting of the motion.

**(g) Opposing Papers**

Within the deadline prescribed by the Local Rules, a party opposing a motion shall file: (1) an Opposition; or (2) a Notice of Non-Opposition.  If a party files a Notice of Non-Opposition to a motion under Federal Rule of Civil Procedure 12(b), (e), or (f), that party shall state whether it intends to file an amended complaint in accordance with Federal Rule of Civil Procedure 15(a)(1).

**Failure to timely respond to any motion shall be deemed by the Court as consent to the granting of the motion.  *See* Local Rules.**

**(h)   Amended Pleadings**

Whenever a plaintiff files an amended pleading, a redlined version of the amended pleading shall be filed and delivered to Chambers indicating all additions and deletions to the prior version of that pleading.

In addition to the requirements of the Local Rules, all motions to amend the pleadings shall: (1) state the effect of the amendment; and (2) state the page, line number(s), and wording of any proposed change or addition of material.

In the event the Court grants a motion to dismiss without prejudice to filing an amended complaint, the plaintiff shall file an amended complaint within the time period specified by the Court.  If no time period is specified by the Court, the

plaintiff shall file an amended complaint within fourteen
calendar days of the date of the order granting the plaintiff
leave to file an amended complaint.  Failure to file an
amended complaint within the time allotted will result in the
dismissal of the action with prejudice.

**(i) Motions for Class Certification**

Motions for Class Certification shall be filed within 120
days after service of a pleading purporting to commence a
class action (or if applicable 120 days after service of the
Notice of Removal), unless otherwise ordered by the Court.
Failure to timely file a Motion for Class Certification will
result in the striking of the class allegations from the
operative pleading.

**6.   Ex Parte Applications:**

Ex parte applications are solely for extraordinary relief.
*See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F.
Supp. 488 (C.D. Cal. 1995).  Applications that fail to
conform with the Local Rules, including a statement of
opposing counsel's position, will not be considered.  In
addition to electronic service, the moving party shall
immediately serve the opposing party by fax or hand service
and shall notify the opposing party that any opposition must
be filed not later than twenty-four hours after the filing of
the ex parte application.  If counsel does not intend to
oppose the ex parte application, counsel shall immediately
inform the Courtroom Deputy by e-mail and immediately file a
Notice of Non-Opposition.  The Court considers ex parte
applications on the papers and usually does not set the

matters for hearing.  Courtesy Copies of all moving, opposition, or non-opposition papers shall be provided to the Court in accordance with paragraph 3 of this Order.  The Courtroom Deputy will notify counsel of the Court's ruling or a hearing date and time, if the Court determines a hearing is necessary.

**7.    Applications or Stipulations to Extend the Time to File any Required Document or to Continue Any Date:**

No application or stipulation to extend the time to file any required document or to continue any date is effective unless and until the Court approves it.  Any application or stipulation to extend the time to file any required document or to continue any date must set forth the following:

(a)   the existing due date or hearing date, as well as all dates set by the Court, including the discovery cut-off date, the Pre-Trial Conference date, and the Trial date;

(b) the new dates proposed by the parties;

(c) specific, concrete reasons supporting good cause for granting the extension; and

(d) whether there have been prior requests for extensions by any party, and whether those requests were granted or denied by the Court.

The application or stipulation must be accompanied by a separate proposed order.  The proposed order shall include the existing due date(s) or hearing date(s) as well as the new proposed date(s).

Failure to comply with the provisions of this section may result in the denial of the application or stipulation.

**8.   Temporary Restraining Orders and Injunctions:**

**(a)      Documentation Required:**

 Parties seeking emergency or provisional relief shall comply with Fed.R.Civ.P.65 and the Local Rules.  An ex parte application for a temporary restraining order must be accompanied by:  (1) a copy of the complaint; (2) a separate memorandum of points and authorities in support of the application; (3) the proposed temporary restraining order and a proposed order to show cause why a preliminary injunction should not issue; and (4) such other documents in support of the application which the party wishes the Court to consider. Courtesy Copies of these documents shall be immediately delivered to Chambers.

**(b)      Notice of Ex Parte Applications:**

 Unless relieved by order of the Court for good cause shown, on or before the day counsel files an ex parte application for a temporary restraining order, counsel must personally serve notice and all documents in support of the ex parte application and a copy of the Court's Standing Order on opposing counsel or party.  Counsel shall also notify the opposing party that any opposition must be filed no later than twenty-four hours after the service of the ex parte application.  Counsel shall immediately file a Proof of Service.

 If counsel does not intend to oppose the ex parte application, counsel shall immediately inform the Courtroom Deputy by e-mail and immediately file a Notice of Non-Opposition.  The Court considers ex parte applications on the

papers and usually does not set the matter for hearing.
Courtesy Copies of all moving, opposition, or non-opposition
papers shall be provided to the Court in accordance with
paragraph 3 of this Order.  The Courtroom Deputy will notify
counsel of the Court's ruling or a hearing date and time, if
the Court determines a hearing is necessary.

**9.   Proposed Protective Orders and Filings Under Seal**:

 Protective orders pertaining to discovery must be submitted
to the assigned Magistrate Judge.  Proposed protective orders
should not purport to allow, without further order of Court,
the filing under seal of pleadings or documents filed in
connection with a hearing or trial before the Court.  The
existence of a protective order does not alone justify the
filing of pleadings or other documents under seal, in whole
or in part.

 An application to file documents under seal must meet the
requirements of the Local Rules and shall be limited to three
documents by a party, unless otherwise ordered by the Court.
The application to file documents under seal should not be
filed under seal.  There is a strong presumption of the
public's right of access to judicial proceedings and records
in civil cases.  In order to overcome the presumption in
favor of access, the movant must demonstrate compelling
reasons (as opposed to good cause) for the sealing if the
sealing is requested in connection with a dispositive motion
or trial, and the relief sought shall be narrowly tailored to
serve the specific interest sought to be protected.  *Pintos*

1   *v. Pacific Creditors Ass'n,* 605 F.3d 665 (9th Cir. 2010),

2   *Kamakana v. City and County of* Honolulu, 447 F.3d 1172 (9th

3   Cir. 2006), *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d

4   1122, 1135 (9th Cir. 2003).

5    For each document or other type of information sought to be

6   filed under seal, the party seeking protection must

7   articulate compelling reasons supported by specific facts or

8   legal justification that the document or type of information

9   should be protected.  The facts supporting the application to

10  file documents under seal must be provided by a declaration.

11  The declaration shall attach an unredacted copy of each

12  document to be filed under seal.  The parties are ordered to

13  highlight the portion of the document containing counsel's

14  proposed redactions.  Documents that are not confidential or

15  privileged in their entirety will not be filed under seal if

16  the confidential portions can be redacted and filed

17  separately.  The declarations in support of the application

18  to file documents under seal shall include an explanation of

19  why redaction is not feasible.

20   If the parties anticipate requesting the Court to file more

21  than three documents under seal in connection with any

22  motion, they shall identify all such documents that will be

23  required to support and oppose the motion during the Local

24  Rule 7-3 conference.  The parties shall then meet and confer

25  in order to determine if the documents satisfy the

26  "compelling need" standard for "sealing" each document.

27  Thereafter, the parties shall file a joint application and

28  lodge a proposed order to file under seal all such documents

1  with the required showing as to each document.  The joint
2  application shall be filed promptly so that the Court may
3  rule on the application before the filing date for the
4  motion.  The parties shall not file any pleadings containing
5  documents they have requested the Court to file under seal
6  until the Court acts on the application to file under seal.
7   If a party wishes to file a document that has been
8  designated confidential by another party, the submitting
9  party must give any designating party five calendar days
10 notice of intent to file.  If the designating party objects,
11 it should notify the submitting party and file an application
12 to file documents under seal within two court days.
13  If an application to file documents under seal is denied in
14 part or in full, the lodged documents will not be filed.  The
15 Courtroom Deputy will notify the submitting party, and hold
16 the lodged documents for three court days to allow the
17 submitting party to retrieve the documents.  If the documents
18 are not retrieved, the Courtroom Deputy will dispose of the
19 documents.
20  If the Court grants an application to file documents under
21 seal, the parties shall file within two days of the Court's
22 Order a complete version of the documents under seal and a
23 redacted version for public viewing (omitting only such
24 portions as the Court has ordered to be filed under seal).
25 The Court's Courtesy Copies of all documents filed under seal
26 shall include a complete version of the documents with a
27 notation identifying that the document has been filed under
28 seal and shall be highlighted to show the portion of the

document that has been redacted. Should counsel fail to file the under seal version and redacted version of the documents, the Court will strike any motion that relies on or relates to those documents and/or file those documents in the public record.

**10.  Cases Removed From State Court:**

 All documents filed in state court, including documents attached to the Complaint, Answer(s), and Motion(s), must be re-filed in this Court as a separate supplement to the Notice of Removal.  The Courtesy Copies of the supplement must be in a separately bound volume and shall include a Table of Contents.  If the defendant has not yet answered or moved, the Answer or responsive pleading filed in this Court must comply with the Federal Rules of Civil Procedure and the Local Rules of the Central District.  If before the case was removed a motion was pending in state court, it must be re-noticed in accordance with the Local Rules.

**11.  Actions Transferred From Another District**

 Counsel shall file, within ten days of transfer, a Joint Report summarizing the status of the action which shall include a description of all motions filed in the action and the transferor court's ruling on the motions.  In addition, counsel shall deliver (but not file) one courtesy copy to Chambers of each document on the docket of the transferor court.  On the first page of each courtesy copy, in the space between lines 1 - 7, to the right of the center, counsel shall include the date the document was filed and the document number.  The courtesy copies shall be placed in a

1  slant D-ring binder in chronological order with each document
2  separated by a tab divider on the right side.  All documents
3  contained in the binder must be three hole punched with the
4  oversized 13/32" hole size, not the standard 9/32" hole size.
5  The binder shall include a Table of Contents and the spine of
6  each binder shall be labeled with its contents.  The courtesy
7  copies shall be delivered to Chambers within ten days of the
8  transfer.

9  **12.  <u>Status of Fictitiously Named Defendants</u>**:

10   This Court adheres to the following procedures when a matter
11  is removed to this Court on diversity grounds with
12  fictitiously named defendants referred to in the Complaint:

13   (a) Plaintiff shall ascertain the identity of and serve any
14  fictitiously named defendants within 90 days of the date that
15  the Complaint was filed in State Court.

16   (b) If plaintiff believes (by reason of the necessity for
17  discovery or otherwise) that fictitiously named defendants
18  cannot be fully identified within the 90-day period, an ex
19  parte application requesting permission to extend the period
20  to effectuate service may be filed with the Court.  Such
21  application shall state the reasons therefore, and will be
22  granted only upon a showing of good cause.  The ex parte
23  application shall be served upon all appearing parties, and
24  shall state that appearing parties may respond within seven
25  calendar days of the filing of the ex parte application.

26   (c) If plaintiff desires to substitute a named defendant for
27  one of the fictitiously named defendants, plaintiff shall
28  first seek the consent of counsel for all defendants (and

1  counsel for the fictitiously named party, if that party has
2  separate counsel). If consent is withheld or denied,
3  plaintiff shall file an ex parte application requesting such
4  amendment, with notice to all appearing parties.  Each party
5  shall have seven calendar days to respond.  The ex parte
6  application and any response should comment not only on the
7  substitution of the named party for a fictitiously named
8  defendant, but on the question of whether the matter should
9  thereafter be remanded to the Superior Court if diversity of
10  citizenship is destroyed by the addition of the new
11  substituted party.

12  **13.  <u>Bankruptcy Appeals</u>:**

13   Counsel shall comply with the Notice Regarding Appeal From
14  Bankruptcy Court issued at the time the appeal is filed in
15  the District Court.  Counsel are ordered to notify the
16  Court in a joint report if the Certificate of Readiness has
17  not been prepared by the Clerk of the Bankruptcy Court and
18  submitted to the Clerk of the District Court within 90 days
19  of the date of this Order.

20   The matter is considered submitted upon the filing of the
21  final brief.  No oral argument is held unless ordered by the
22  Court.

23  **14.  <u>Communications with Chambers</u>:**

24   Counsel shall not attempt to contact the Court or its
25  Chambers staff by telephone or by any other ex parte means,
26  although counsel may contact the Courtroom Deputy at
27  shannon_reilly@cacd.uscourts.gov with appropriate inquiries
28  after reviewing the Federal Rules of Civil Procedure, the

Local Rules, and this Court's Orders.  To facilitate
communication with the Courtroom Deputy, counsel should list
their facsimile transmission numbers and e-mail addresses
along with their telephone numbers on all papers.

**15.  <u>Notice of This Order</u>**:

 Counsel for plaintiff shall immediately serve this Order on
all parties, including any new parties to the action.  If
this case came to the Court by noticed removal, defendant
shall serve this Order on all other parties.

 **<u>Caveat</u>:  If counsel fail to cooperate in the preparation of
the required Joint Rule 26 Report or fail to file the
required Joint Rule 26 Report, or if counsel fail to appear
at the Scheduling Conference, the Pre-Trial Conference and/or
any other proceeding scheduled by the Court, and such failure
is not otherwise satisfactorily explained to the Court: (a)
the cause shall stand dismissed for failure to prosecute, if
such failure occurs on the part of the plaintiff; (b) default
judgment shall be entered if such failure occurs on the part
of the defendant; or (c) the Court may take such action as it
deems appropriate.**

 IT IS SO ORDERED.

DATED:   November 7, 2023

JOHN F. WALTER
UNITED STATES DISTRICT JUDGE