Jorge Alejandro Rojas
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
424-219-1582

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ALEJANDRO ROJAS,<br><br>    Plaintiff,<br><br>v.<br><br>OWNER OF TELEPHONE NUMBER 310-304-0173, OWNER OF TELEPHONE NUMBER 310-304-0197, OWNER OF TELEPHONE NUMBER 310-304-1968, OWNER OF TELEPHONE NUMBER 310-304-0194, OWNER OF TELEPHONE NUMBER 323-238-4393, and OWNER OF TELEPHONE NUMBER 310-304-1972,<br><br>    Defendants. | Case No. 2:23-cv-09276-JFW-MAA<br><br>District Judge John F. Walter<br>Magistrate Judge Maria A. Audero<br><br>**DISCOVERY MATTER**<br><br>**EX PARTE APPLICATION FOR SUBPOENA DUCES TECUM TO DETERMINE IDENTITY OF DEFENDANTS** |

  Plaintiff, Jorge Alejandro Rojas, respectfully applies to this Court *ex parte* to grant him permission to have the Clerk of the Court issue two (2) Fed. R. Civ. P. 45 subpoenas duces tecum to determine the identity of Defendant(s) in this matter. The subpoenas requested are narrow, limited, and restricted.

  **L.R.s 7-19 & 37-1 Statement.** Pursuant to L.R.s 7-19 and 37-1, Plaintiff is unaware of counsel for any Defendant because the Defendant is a fictitious entity. The reason for seeking this order is that Plaintiff must identify the proper identity of Defendants via a

-1-

subpoena. Plaintiff was therefore unable to confer with any Defendant prior to this filing. Plaintiff identifies this as opposed, because of the inability to confer with counsel. Plaintiff recognizes the requirement to notify the Court prior to discovery disputes for an informal conference to be held, but files this motion without doing so because no Defendant has been identified.

Plaintiff commenced this action on November 3, 2023, alleging Defendants Green Giant Marketing and Sales dba Giant Construction, and its officer, Niev Jonathan Levy, violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by calling Plaintiff at least twice for the purposes of solicitation using an automatic telephone dialing system and in violation of the National Do Not Call Registry. Dkt. 1. Plaintiff sued these entities because the representative on the phone provided a website of giantconstruction.com, which is operated by the Defendants sued in the Complaint.

Shortly thereafter, Mr. Levy contacted Plaintiff and represented that another entity or individual may be using his company's name and information – and that he has not conducted business operations during the time period alleged in the Complaint.

As a result, Plaintiff dismissed Giant Construction and Levy without prejudice, and amended his Complaint on November 30, 2023. Dkt. 16. The Amended Complaint asserts claims against the owners of six (6) telephone numbers – all with area codes within this District. An additional telephone number with a Seattle area code is included in the requested subpoenas because as alleged below – Plaintiff believes they are linked. Plaintiff is unaware of the identity of the owners of these telephone numbers, and seeks the subpoenas in order to discover their identity. Following that, Plaintiff will move pursuant to Fed. R. Civ. P. 15(a)(2) for leave to file a Second Amended Complaint.

The Defendant(s) in this case have been able to be secret and conceal their identity. However, that does not give them the right to violate federal law without penalty. The requested subpoenas are sought to identify the true owners and entities behind the callback telephone number provided to Plaintiff over the phone during the telephone calls.

As alleged in the Amended Complaint, between September 7, 2023 and at least November 2, 2023, Plaintiff has been receiving telephone calls from a series of telephone numbers seeking home construction and improvement services. Plaintiff has continued to receive telephone calls from similar telephone numbers and names used during the telephone calls since the filing of the Amended Complaint. Plaintiff has made verbal do-not-call requests to the representatives, but the calls continue. Plaintiff has also attempted to learn of the Defendants identity, but they fail to provide it – and in fact go as far claiming they are companies they are not.

**Call 1 (310-304-0173 AC ¶¶ 39-44).** Plaintiff seeks a subpoena directed at Onvoy, LLC and any subsequent downstream carrier, identifying the owner of 310-304-0173, which was the number displayed on Plaintiff's caller ID, on September 7, 2023 at 9:52 Pacific time, which was flagged as "Scam Likely." Plaintiff made a verbal do not call request during this call, in which the representative identified himself as being with "Great Builders." Reports online indicate that this number is engaged in similar calling on a widespread basis.

**Call 2 (310-304-0197 AC ¶¶ 45-48).** Plaintiff seeks a subpoena directed at Onvoy, LLC and any subsequent downstream carrier, identifying the owner of 310-304-0197, which was the number displayed on Plaintiff's caller ID, on October 5, 2023 at 9:20 Pacific time. The representative identified himself as being with "Great Builders." Reports online indicate that this number is engaged in similar calling on a widespread basis. Plaintiff alleges this call utilized an automatic telephone dialing system (ATDS) for reasons including the longer than natural pause at the start of the telephone call.

**Call 3 (310-304-1968 AC ¶¶ 49-53).** Plaintiff seeks a subpoena directed at Onvoy, LLC and any subsequent downstream carrier, identifying the owner of 310-304-1968, which was the number displayed on Plaintiff's caller ID, on October 20, 2023 at 8:32 Pacific time. Plaintiff missed this call – but connects it to the other calls because during a call back on November 2, 2023, Plaintiff heard the same song play on the telephone as hold

music at the start of the call as when he called back the telephone number identified in Call 1.

**Call 4 (310-304-0194 AC ¶¶ 54-57).** Plaintiff seeks a subpoena directed at Onvoy, LLC and any subsequent downstream carrier, identifying the owner of 310-304-0194, which was the number displayed on Plaintiff's caller ID, on October 20, 2023 at 9:19 Pacific time. Reports online indicate that this number is engaged in similar calling on a widespread basis. During this call, the caller identified themselves as being with "Giant Builders" and Plaintiff advised the representative he was not interested. During this call, the representative stated they also had offices located in Seattle.

**Call 5 (323-238-4393 AC ¶¶ 58-62).** Plaintiff seeks a subpoena directed at Commio, LLC and any subsequent downstream carrier, identifying the owner of 323-238-4393, which was the number displayed on Plaintiff's caller ID, on October 26, 2023 at 1:56 PM Pacific time. During this call, the caller identified themselves as being with "Great Builders." Plaintiff was able to call the telephone number back and was connected to a representative which stated that they were a "Home and Care Company." Plaintiff alleges this call utilized an automatic telephone dialing system (ATDS) for reasons including the longer than natural pause at the start of the telephone call.

**Call 6 (425-242-3695 AC ¶¶ 63-66).** Plaintiff seeks a subpoena directed at Onvoy, LLC and any subsequent downstream carrier, identifying the owner of 425-242-3695, which was the number displayed on Plaintiff's caller ID, on October 31, 2023 at 1:20 PM Pacific time. During this call, the caller identified themselves as being with "Giant Builders." Although this is a Seattle area code, during the telephone call the individual stated that they were doing business in California, and provided a fake California contractor license number.

**Call 7 (310-304-1972 AC ¶¶ 67-74).** Plaintiff seeks a subpoena directed at Onvoy, LLC and any subsequent downstream carrier, identifying the owner of 310-304-1972, which was the number displayed on Plaintiff's caller ID, on November 2, 2023 at 8:40 AM Pacific time. During this call, the caller identified themselves as being with "Giant

Builders." Reports online indicate that this number is engaged in similar calling on a widespread basis. Despite the representative eventually yelling on the phone that he doesn't want Plaintiff as a customer, Plaintiff has kept getting telephone calls.

Plaintiff, using information found on https://freecarrierlookup.com, has identified that the telephone numbers are assigned to the carriers identified above. Plaintiff however notes that it is a frequent practice for one telecommunications company to re-sell services to another communications company. For this reason, Plaintiff requests the Court permit him to issue the same subpoena to any further downstream carrier until he eventually identifies the true user of the telephone number. In the alternative, Plaintiff will move for a new subpoena once he identifies the next entity in the chain.

Because the phone owner must have provided their information to their telephone provider, the telephone provider would have that information to give to Plaintiff. Plaintiff requests the Court grant the issuance of the subpoena, attached as **Exhibit 1** for Onvoy, LLC:

- Information identifying the individual customer/wholesale customer/subscriber of 310-304-0173 as of September 7, 2023, including customer name, company name, address, telephone number, and e-mail.
- Information identifying the individual customer/wholesale customer/subscriber of 310-304-0197 as of October 5, 2023, including customer name, company name, address, telephone number, and e-mail.
- Information identifying the individual customer/wholesale customer/subscriber of 310-304-1968 as of October 20, 2023, including customer name, company name, address, telephone number, and e-mail.
- Information identifying the individual customer/wholesale customer/subscriber of 310-304-0194 as of October 20, 2023, including customer name, company name, address, telephone number, and e-mail.

- Information identifying the individual customer/wholesale customer/subscriber of 425-242-3695 as of October 31, 2023, including customer name, company name, address, telephone number, and e-mail.
- Information identifying the individual customer/wholesale customer/subscriber of 310-304-1972 as of November 2, 2023, including customer name, company name, address, telephone number, and e-mail.

Plaintiff requests the Court grant the issuance of the subpoena, attached as **Exhibit 2** for Commio, LLC:

- Information identifying the individual customer/wholesale customer/subscriber of 323-238-4393 as of October 26, 2023, including customer name, company name, address, telephone number, and e-mail.

The requested information will not prejudice any party. Plaintiff is currently prejudiced not being able to bring his claims against the true indispensable entity in this case because of Defendant's actions. The owner of the telephone numbers will have an opportunity to oppose the requested subpoena, to the extent it is granted, by seeking to quash the same, as the subpoenaed entities should provide their customers notice. In an abundance of caution, Plaintiff requests the order include a provision requiring customer notification. The owner, to the extent they are not the telemarketer, will have an opportunity to oppose the lawsuit following amendment of the complaint. Whoever is behind "Great Builders", and "Giant Builders" is utilizing another company's name as its own, and failing to provide its true identity to avoid identification and liability under the TCPA.

Fed. R. Civ. P. 26 gives the Court wide discretion to manage the discovery process. While expedited and early discovery is not the norm, situations like this support it. Defendant is currently allegedly making telemarketing calls without the required consent being received from the caller. In situations where discovery is requested early, Courts consider the entirety of the record to date, and the reasonableness of the request. The record to date establishes a prima facie case of violations of the TCPA. Plaintiff alleges Defendant has called Plaintiff at least once utilizing an ATDS despite not having the required consent

to do so, (47 U.S.C. § 227(b)) as well as violations of the National Do Not Call Registry regulations, (47 U.S.C. § 227(c), and 47 C.F.R. § 64.1200).

On a showing of "good cause," a Court may allow early discovery. *Semitool, Inc v. Tokyo Electron America, Inc*., 208 F.R.D. 273, 276 (N.D. Cal. 2002). Good cause may exist where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* In evaluating a claim of good cause, courts in the Ninth Circuit regularly consider "(1) the concreteness of plaintiff's showing of a prima facie claim of actionable harm; (2) the specificity of the discovery requests; (3) the absence of alternative means to obtain the subpoenaed information; (4) the need for subpoenaed information to advance the claim; and (5) defendant's expectation of privacy." *Strike 3 Holdings, LLC, v. Doe*, 2022 WL 657932 at *1 (E.D. Cal. 2022) (citing *Arista Records LLC v. Doe 3,* 604 F.3d 110, 119 (2d Cir. 2010)).

Plaintiff satisfies factor 1 because he states a claim under the TCPA. Plaintiff satisfies factors 2 and 4 because the subpoenas are limited in nature to allow identification of the Defendant, amend the complaint, and service of process. Plaintiff is unable to identify another way of obtaining contact information for the party operating the telephone numbers because they are failing to provide accurate information (factor 3). Plaintiff attempted to get the information needed from the caller – such as their true entity name - but the caller refused to provide it or instead provided information for a company that isn't them, likely because they are aware their actions violate the TCPA. Finally, there should be no significant privacy interest in the commercial transaction between an individual or entity operating a telemarketing scheme and the telephone provider (factor 5).

In a similar case in this district, the Court granted a request for early discovery to identify a TCPA defendant. *Stark v. ABC, Inc. et. al,* 19-cv-2405, Dkt. 13. There, the Court noted the following test:

"First, the court may require the plaintiff to sufficiently identify the unknown party so it is clear there exists a real person or entity; second, the court may ask the plaintiff to show it has made a good faith effort to identify and serve the defendant; third, the court

may require the plaintiff to prove its claim could withstand a motion to dismiss; finally, the court may also ask the plaintiff to show that would make service of process possible."

Applying that test, the first factor is met as the telephone call received from Defendants identify that a true entity is behind the calls. Plaintiff has called at least some of the telephone numbers back and has identified that they are in fact in the same business as the telephone numbers placing the outbound calls.

As to the second factor, a good faith effort has also been made to identify Defendant prior to making this motion. Plaintiff was provided a website, which was the entity which was sued in the original Complaint (Dkt. 1). Those parties represented to the Plaintiff that they have not done business during the time period alleged in the Complaint. Plaintiff accordingly believes that another company is using generic and ambiguous names that are not their own. In any event, the subpoena will identify the true entity – and if it was in fact the company that Plaintiff sued, Plaintiff only dismissed them without prejudice and can seek amendment to add them back in.

As to the third factor, Plaintiff believes he has asserted all the elements of a TCPA claim in his Complaint. Plaintiff alleges that the Defendants used an automatic telephone dialing system in violation of 47 U.S.C. § 227(b) for reasons including the hearing of longer than natural pauses, dead air, and clicks prior to being connected to a representative, as well as violation of the National Do Not Call Registry, in violation of 47 U.S.C. § 227(c) and the TCPA's implementing regulations codified at 47 C.F.R. § 64.1200. Plaintiff has also continued to receive telephone calls despite making verbal do not call requests to the caller as well as the caller stating during the last call alleged in the Amended Complaint that Plaintiff is not someone they want to do business with. AC ¶ 72. During the calls, solicitation of services for home construction for a property previously associated with Plaintiff, located within this district, were made. AC ¶ 10.

As to the fourth factor, the information gathered from the subpoena, including name and address, will allow the complaint to be amended and then service of process be commenced.

Although each case is individually evaluated on its own merits, this Court has granted Plaintiff's requests in similar situations in the past. *See Rojas v. Owner of Telephone Number 424-234-2076,* 2:22-cv-05742-PA-SK, Dkt. 17 (C.D. Cal., Oct. 11, 2022), *Rojas v. Owner of Greenhservices.com, et al*, 2:22-cv-06271-SPG-JEM, Dkts. 11, 16, 18, 26, *Rojas v. Owner of Telephone Number 310-955-5813,* 2:22-cv-04100-FLA-PVC, Dkt. 18 (C.D. Cal. Aug. 16, 2022).

This relief is sought ex parte because Plaintiff has not been able to hold a Rule 26 conference and the Defendant has yet to be identified.

As to jurisdiction, Plaintiff alleges the Court would have personal jurisdiction over the Defendants, as they are holding themselves out to be doing business in this District. The local area codes used are also located within this District.

Plaintiff requests the Court grant this request. Plaintiff will then request the Clerk issue the requested subpoenas. Following being provided the requested information, Plaintiff will seek to file a Second Amended Complaint to reflect the correct indispensable party. Plaintiff proposes providing routine status reports to this Court. A proposed order is included with this filing along with the proposed subpoenas (**Exhibit 1, Exhibit 2**).

Respectfully submitted,

Dated: December 23, 2023

/s/ Jorge Alejandro Rojas
JORGE ALEJANDRO ROJAS
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582

**CERTIFICATE OF SERVICE**

As this is an ex parte application for which no Defendant has been identified yet, no copy of this filing was provided to any Defendant.

/s/ Jorge Alejandro Rojas
JORGE ALEJANDRO ROJAS