UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ALEJANDRO ROJAS,<br><br>Plaintiff,<br><br>v.<br><br>OWNER OF TELEPHONE NUMBER 310-304-0173, OWNER OF TELEPHONE NUMBER 310-304-0197, OWNER OF TELEPHONE NUMBER 310-304-1968, OWNER OF TELEPHONE NUMBER 323-238-4393, OWNER OF TELEPHONE NUMBER 310-304-1972,<br><br>Defendants. | Case No. 2:23-CV-09276-JFW-MAA<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR SUBPOENA DUCES TECUM TO DETERMINE IDENTITY OF DEFENDANTS**<br><br>(ECF No. 17) |

## I. INTRODUCTION

Before the Court is Plaintiff Jorge Alejandro Rojas's ("Plaintiff") Ex Parte Application for Subpoena Duces Tecum to Determine Identity of Defendants, filed on December 23, 2023 ("Application"). (Appl., ECF No. 17.) For the reasons stated below, the Application is **DENIED**.

///

## II.     BACKGROUND

Through his First Amended Complaint ("FAC"), Plaintiff claims that unknown defendants violated the Telephone Consumer Protection Act ("TCPA") by calling his cell phone on multiple occasions from multiple telephone numbers. (*See generally* FAC, ECF No. 16.)   He names as defendants the owners of six telephone numbers; specifically, 310-304-0173; 310-304-0197; 310-304-1968; 310-304-0194; 323-238-4393; and 310-304-1972 ("Telephone Numbers"). (*See generally id.*)  Plaintiff now moves for leave to take limited discovery prior to the conference of counsel required by Federal Rule of Civil Procedure ("Rule") 26(f). (*See generally id.*)  He requests leave to serve Rule 45 subpoenas on two specified third-party sources—Onvoy, LLC ("Onvoy") and Commio, LLC ("Commio")—as well as on any, as of yet unidentified, downstream third-party sources ("Downstream Sources"), some or all of whom or which might be able to identify the owners of the six telephone numbers. (*See generally id.*)

From Onvoy, Plaintiff seeks "[i]nformation identifying the individual customer/wholesale customers/subscriber . . . including customer name, company name, address, telephone number, and e-mail" of each of the following telephone numbers:  310-304-0173 as of September 7, 2023; 310-304-0197 as of October 5, 2023; 310-304-1968 as of October 20, 2023; 310-304-0194 as of October 20, 2023; 425-242-3695[1] as of October 31, 2023; and 310-304-1972 as of November 2, 2023. (Appl., Ex. 1, ECF No. 17-1, at 5.)[2]  From Commio[3], Plaintiff seeks "[i]nformation identifying the individual customer/wholesale customer/subscriber of 323-238-4393

---

[1] The owner of this telephone number is not named as a defendant in this case.  The Court addresses this issue below.

[2] Pinpoint citations of page numbers in the Order refer to the page numbers appearing in the ECF-generated headers of cited documents.

[3] This proposed subpoena is directed to Onvoy rather than Commio, as Plaintiff notes in his Application.  The Court addresses this issue below.

as of October 26, 2023, including customer name, company name, address, telephone number, and e-mail." (Appl., Ex. 2, ECF No. 17-2, at 2.) Plaintiff asserts that the information sought will enable him to identify the person or entity owning each of the Telephone Numbers, amend the complaint to name them as defendants, and serve them in this action. (*See generally* Appl.)

### III. DISCUSSION

#### A. Legal Standard

A court may authorize early discovery before the Rule 26(f) conference "for the parties' and witnesses' convenience and in the interests of justice." Fed. R. Civ. P. 26(d)(3). Where a plaintiff does not know the identity of the defendants, the Ninth Circuit has found that a plaintiff "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (citations omitted).

Courts within the Ninth Circuit generally consider whether a plaintiff has shown "good cause" for early discovery. *See, e.g.*, *Semitool, Inc. v. Tokyo* Electron *America, Inc.*, 208 F.R.D. 273, 275–77 (N.D. Cal. 2002); *Uber Techs., Inc. v. Doe*, No. C 15-00908 LB, 2015 U.S. Dist. LEXIS 32979, at *6–10 (N.D. Cal. Mar. 16, 2015). To determine whether a plaintiff established good cause, courts consider whether the plaintiff has: (1) identified the Doe defendant with sufficient specificity as a real person who can be sued in federal court; (2) recounted the steps taken to locate and identify the defendant; (3) shown that the action can survive a motion to dismiss; and (4) established that the discovery is reasonably likely to lead to identifying information that will permit service of process. *Dhillon v. Doe*, No. C 13-1465 SI, 2013 U.S. Dist. LEXIS 141050, at *3 (N.D. Cal. Sept. 25, 2013) (citing *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999)). Good cause may be found "'where the need for expedited discovery, in consideration of the

3

administration of justice, outweighs the prejudice to the responding party.'" *Assef v. Does 1–10*, No. 15-cv-01960-MEJ, 2015 U.S. Dist. LEXIS 59229, at *4 (N.D. Cal. May 28, 2015) (quoting *Semitool*, 208 F.R.D. at 276).

        B.      Plaintiff Has Not Established Good Cause Permitting Limited Early Discovery.

Plaintiff does not satisfy the four factors identified in *Dhillon* such that the early discovery he seeks is justified.

The only *Dhillon* factor Plaintiff satisfies is the third, as the Court finds that the FAC appears to facially state a claim for a TCPA violation for purposes of early discovery[4]. To plead a TCPA claim, Plaintiff must allege three elements: (1) a call to a cellular telephone, (2) using an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice, (3) without the recipient's prior express consent. *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012). Here, Plaintiff claims that he received seven telephone calls to his telephone from seven telephone numbers, which he contends were made using an ATDS, after he registered his phone number on the Federal Do Not Call Registry. (*See* FAC ¶¶ 33–83.)

However, Plaintiff does not satisfy the first, second, and fourth factors. As a starting point, Plaintiff fails to provide any evidentiary support for the assertions on which he relies, including documents or a sworn declaration as to how or why these assertions are true. The Court finds this defect to be curable by the simple filing of a declaration. Specifically, the first factor would be satisfied if supported by a sworn declaration attesting, as Plaintiff asserts in the Application, that a person using the Telephone Numbers placed calls to his telephone number and that a conversation with a person ensued, in some cases identifying an entity on behalf of which the call was

---

[4] The Court does not opine here whether the FAC could withstand a motion to dismiss, or any other motion attacking the FAC, that could be brought by a defendant.

made. (Appl. 3–4.) The second factor also could be satisfied if supported by a sworn declaration attesting, as Plaintiff asserts in the Application, that he attempted to obtain the caller's information during each call, that he then called the number back and attempted to obtain identifying information but was not given accurate information. (*Id.* at 7.) The fourth factor also could be satisfied if supported by a sworn declaration attesting, as Plaintiff asserts in the Application, that, according to his search on https://freecarrierlookup.com, Onvoy and Commio are the carriers for the Telephone Numbers. Were these the only maladies, the Court simply would order the supplementation of the Application with an under-oath declaration as to the facts asserted therein. (*Id.* at 5.)

However, this would not result in the granting of the Application because the fourth factor suffers from three additional defects. *First*, Plaintiff provides no legal authority and makes no showing to support the request to conduct early-discovery to the unidentified, catch-all Downstream Sources who purportedly may be part of a "frequent practice" through which "one telecommunications company re-sells services to another communications company." (*Id.*) Perhaps recognizing this shortcoming, Plaintiff notes that, alternatively, he "will move for a new subpoena once he identifies the next entity in the chain." (*Id.*) *Second*, Plaintiff fails to explain why he seeks information regarding a Seattle telephone number—425-242-3695—when he does not name as a defendant the owner of that telephone number. (*See generally* FAC.) At best, it appears that Plaintiff seeks to tie the call from 310-304-0194 to Seattle by noting that the representative on that call "stated they also had offices in Seattle." (*Id.* at 4.) But this does not explain why Plaintiff needs information about a wholly different Seattle telephone number, especially where Plaintiff notes that the caller from the 425-242-3695 telephone gave Plaintiff what Plaintiff knows to be "a fake California contractor license number." (*Id.*) *Third*, the subpoena for the 323-238-4393 telephone number is directed to Onvoy (Appl., Ex. 2, at 2), but Plaintiff's Application notes that Plaintiff has identified Commio as the carrier for that telephone

number (Appl. 5).  As such, it is not conceivable how a subpoena directed to Onvoy for information regarding the 323-238-4393 telephone number is reasonably likely to lead to identifying information that will permit service of process.

## IV.   CONCLUSION

Because, as detailed above, Plaintiff does not satisfy three of the four *Dhillon* factors, he fails to show good cause to justify the early discovery he seeks.  On this basis, his Application is **DENIED**.

Dated:  December 28, 2023

_____
HONORABLE MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE