UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ALEJANDRO ROJAS,<br><br>Plaintiff,<br><br>v.<br><br>OWNER OF TELEPHONE NUMBER 310-304-0173, OWNER OF TELEPHONE NUMBER 310-304-0197, OWNER OF TELEPHONE NUMBER 310-304-1968, OWNER OF TELEPHONE NUMBER 323-238-4393, OWNER OF TELEPHONE NUMBER 310-304-1972,<br><br>Defendants. | Case No.  2:23-CV-09276-JFW-MAA<br><br>**ORDER GRANTING PLAINTIFF'S SECOND EX PARTE APPLICATION FOR SUBPOENA DUCES TECUM TO DETERMINE IDENTITY OF DEFENDANTS**<br><br>(ECF No. 19) |

**I.   INTRODUCTION**

Before the Court is Plaintiff Jorge Alejandro Rojas's ("Plaintiff") Second Ex Parte Application for Subpoena Duces Tecum to Determine Identity of Defendants, filed on January 4, 2024 ("Application"). (Appl., ECF No. 19.)  For the reasons stated below, the Application is **GRANTED**.

///

**II.     BACKGROUND**

Through his First Amended Complaint ("FAC"), Plaintiff claims that unknown defendants violated the Telephone Consumer Protection Act ("TCPA") by calling his cell phone on multiple occasions from multiple telephone numbers. (*See generally* FAC, ECF No. 16.)   He names as defendants the owners of six telephone numbers; specifically, 310-304-0173; 310-304-0197; 310-304-1968; 310-304-0194; 323-238-4393; and 310-304-1972 ("Telephone Numbers"). (*See generally id*.)  Plaintiff now moves for leave to take limited discovery prior to the conference of counsel required by Federal Rule of Civil Procedure ("Rule") 26(f). (*See generally* Appl.)  He requests leave to serve Rule 45 subpoenas on two specified third-party sources—Onvoy, LLC ("Onvoy") and Commio, LLC ("Commio")—which he believes might be able to identify the owners of the six telephone numbers. (*See generally id.*)

From Onvoy, Plaintiff seeks "[i]nformation identifying the individual customer/wholesale customers/subscriber . . . including customer name, company name, address, telephone number, and e-mail" of each of the following telephone numbers:  310-304-0173 as of September 7, 2023; 310-304-0197 as of October 5, 2023; 310-304-1968 as of October 20, 2023; 310-304-0194 as of October 20, 2023; and 310-304-1972 as of November 2, 2023.  (Appl., Ex. 2, ECF No. 19-2, at 5.)[1] From Commio, Plaintiff seeks "[i]nformation identifying the individual customer/wholesale customer/subscriber of 323-238-4393 as of October 26, 2023, including customer name, company name, address, telephone number, and e-mail." (Appl., Ex. 3, ECF No. 19-3, at 2.)  Plaintiff asserts that the information sought will enable him to identify the person or entity owning each of the Telephone Numbers, amend the complaint to name them as defendants, and serve them in this action. (*See generally* Appl.)

---

[1] Pinpoint citations of page numbers in the Order refer to the page numbers appearing in the ECF-generated headers of cited documents.

## III. DISCUSSION

### A. Legal Standard

A court may authorize early discovery before the Rule 26(f) conference "for the parties' and witnesses' convenience and in the interests of justice." Fed. R. Civ. P. 26(d)(3). Where a plaintiff does not know the identity of the defendants, the Ninth Circuit has found that a plaintiff "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (citations omitted).

Courts within the Ninth Circuit generally consider whether a plaintiff has shown "good cause" for early discovery. *See, e.g.*, *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 275–77 (N.D. Cal. 2002); *Uber Techs., Inc. v. Doe*, No. C 15-00908 LB, 2015 U.S. Dist. LEXIS 32979, at *6–10 (N.D. Cal. Mar. 16, 2015). To determine whether a plaintiff established good cause, courts consider whether the plaintiff has: (1) identified the Doe defendant with sufficient specificity as a real person who can be sued in federal court; (2) recounted the steps taken to locate and identify the defendant; (3) shown that the action can survive a motion to dismiss; and (4) established that the discovery is reasonably likely to lead to identifying information that will permit service of process. *Dhillon v. Doe*, No. C 13-1465 SI, 2013 U.S. Dist. LEXIS 141050, at *3 (N.D. Cal. Sept. 25, 2013) (citing *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999)). Good cause may be found "'where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *Assef v. Does 1–10*, No. 15-cv-01960-MEJ, 2015 U.S. Dist. LEXIS 59229, at *4 (N.D. Cal. May 28, 2015) (quoting *Semitool*, 208 F.R.D. at 276).

///
///
///

   B.  **Plaintiff Has Established Good Cause Permitting Limited Early Discovery.**

Plaintiff satisfies the four factors identified in *Dhillon* such that the early discovery he seeks is justified.

The first *Dhillon* factor is satisfied in that, as Plaintiff asserts in the Application, a person using each of the Telephone Numbers placed calls to his telephone number and that a conversation with a person ensued, in some cases identifying an entity on behalf of which the call was made. (Appl. 3–5.)

The second *Dhillon* factor is satisfied in that, as Plaintiff asserts in the Application, he attempted to obtain the caller's information during each call, he then called the number back and attempted to obtain identifying information but was not given accurate information. (*Id.* at 7–8.)

The third *Dhillon* factor is satisfied in that the FAC appears to facially state a claim for a TCPA violation for purposes of early discovery[2]. To plead a TCPA claim, Plaintiff must allege three elements: (1) a call to a cellular telephone, (2) using an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice, and (3) without the recipient's prior express consent. *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012). Here, Plaintiff claims that he received six telephone calls to his telephone from six telephone numbers, which he contends were made using an ATDS, after he registered his phone number on the Federal Do Not Call Registry. (*See* FAC ¶¶ 33–83.)

The fourth *Dhillon* factor is satisfied in that, as Plaintiff asserts in the Application, according to his search on https://freecarrierlookup.com,

---

[2] The Court does not opine here whether the FAC could withstand a motion to dismiss, or any other motion attacking the FAC, that could be brought by a defendant. As such, this finding is without prejudice to a defendant challenging any aspect of the pleading after service and appearance in this action.

https://www.numlookup.com/report, and https://currentcarrierlookup.com, Onvoy and Commio are the carriers for the Telephone Numbers. (Appl. 5.)

Accordingly, upon Plaintiff's satisfaction of the four *Dhillon* factors, the Court concludes that he has shown good cause to justify the early discovery he seeks.

## IV. CONCLUSION

On the basis of the foregoing, Plaintiff's Application is **GRANTED** as follows:

1. Plaintiff may request the Clerk of Court to issue a subpoena directed at Onvoy, as attached in Exhibit 2 of the Application;
2. Plaintiff may request the Clerk of Court to issue a subpoena directed at Commio, as attached in Exhibit 3 of the Application;
3. In order to properly monitor the early discovery in this action, it is **ORDERED** that, commencing February 5, 2024, and continuing every 60 days thereafter, Plaintiff shall submit a Status Report to the undersigned Magistrate Judge informing the Court about: (a) the status of service of the discovery requests; (b) information received in response to the requests; and (c) communications between Plaintiff and the parties identified as a result of the early discovery. Plaintiff shall advise the Court if the matter is served or resolved as to any such party. Failure to file a required Status Report in accordance with this Order may result in a recommendation that this action be dismissed without prejudice for failure to prosecute or failure to comply with a court order. *See Link v. Wabash R.R.*, 370 U.S. 626, 629–30 (1962); Fed. R. Civ. P. 41(b).

Dated: January 5, 2024

_____
HONORABLE MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE