Jorge Alejandro Rojas
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
424-219-1582

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ALEJANDRO ROJAS,<br><br>               Plaintiff,<br><br>v.<br><br>OWNER OF TELEPHONE NUMBER 310-304-0173, OWNER OF TELEPHONE NUMBER 310-304-0197, OWNER OF TELEPHONE NUMBER 310-304-1968, OWNER OF TELEPHONE NUMBER 310-304-0194, OWNER OF TELEPHONE NUMBER 323-238-4393, and OWNER OF TELEPHONE NUMBER 310-304-1972,<br><br>               Defendants. | Case No. 2:23-cv-09276-JFW-MAA<br><br>District Judge John F. Walter<br>Magistrate Judge Maria A. Audero<br><br>**DISCOVERY MATTER**<br><br>**FOURTH EX PARTE APPLICATION FOR SUBPOENA DUCES TECUM TO DETERMINE IDENTITY OF DEFENDANTS** |

     Plaintiff, Jorge Alejandro Rojas, respectfully applies to this Court *ex parte* to grant him permission to have the Clerk of the Court issue a Fed. R. Civ. P. 45 subpoena duces tecum to determine the identity of Defendant(s) in this matter. The subpoena requested is narrow, limited, and restricted. Plaintiff seeks the subpoena because one of the carriers which this Court granted subpoenas regarding has now provided their respective return, which identify the need to subpoena further entities.

**L.R.s 7-19 & 37-1 Statement.** Pursuant to L.R.s 7-19 and 37-1, Plaintiff is unaware of counsel for any Defendant because the Defendants are fictitious entities. The reason for seeking this order is that Plaintiff must identify the proper identity of Defendants via a subpoena. Plaintiff was therefore unable to confer with any Defendant prior to this filing. Plaintiff identifies this as opposed, because of the inability to confer with counsel. Plaintiff recognizes the requirement to notify the Court prior to discovery disputes for an informal conference to be held, but files this motion without doing so because no Defendant has been identified.

Plaintiff commenced this action on November 3, 2023, alleging Defendants Green Giant Marketing and Sales dba Giant Construction, and its officer, Niev Jonathan Levy, violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by calling Plaintiff's residential cellular telephone number 424-219-1582 (Rojas Dec'l in Support of Second Ex Parte Application, Dkt. 19-1, "First Rojas Dec'l [FRD]" ¶ 3) at least twice for the purposes of solicitation using an automatic telephone dialing system and in violation of the National Do Not Call Registry (FRD ¶ 3). Dkt. 1. Plaintiff sued these entities because the representative on the phone provided a website of giantconstruction.com, which is operated by the Defendants sued in the Complaint. FRD ¶ 4.

Shortly thereafter, Mr. Levy contacted Plaintiff and represented that another entity or individual may be using his company's name and information – and that he has not conducted business operations during the time period alleged in the Complaint. FRD ¶ 5.

As a result, Plaintiff dismissed Giant Construction and Levy without prejudice, and amended his Complaint on November 30, 2023. Dkt. 16. The Amended Complaint asserts claims against the owners of six (6) telephone numbers – all with area codes within this District. Plaintiff is unaware of the identity of the owners of these telephone numbers, and seeks the subpoenas in this case in order to discover their identity. Following that, Plaintiff will move pursuant to Fed. R. Civ. P. 15(a)(2) for leave to file a Second Amended Complaint.

The Defendant(s) in this case have been able to be secret and conceal their identity. However, that does not give them the right to violate federal law without penalty. The requested subpoena is sought to identify the true owners and entities behind the callback telephone number provided to Plaintiff over the phone during the telephone calls.

As alleged in the Amended Complaint, between September 7, 2023 and at least November 2, 2023, Plaintiff has been receiving telephone calls from a series of telephone numbers seeking home construction and improvement services. FRD ¶ 7. Plaintiff has continued to receive telephone calls from similar telephone numbers and names used during the telephone calls since the filing of the Amended Complaint. Plaintiff has made verbal do-not-call requests to the representatives, but the calls continue. FRD ¶ 8. Plaintiff has also attempted to learn of the Defendants identity, but they fail to provide it – and in fact go as far claiming they are companies they are not.

On January 4, 2024, Plaintiff applied to this Court *ex parte* for the issuance of two subpoenas, directed at Onvoy, LLC, and Commio, LLC, for their respective records concerning the phone numbers at issue. Dkt. 19. On January 8, 2024, the Court granted the motion. Dkt. 20. The Clerk thereafter issued the subpoenas.

On the morning of February 23, 2024, Plaintiff received a return from Commio, LLC. which identifies that the next carrier in the chain of ownership as Call Tools, Inc[1]. Telephone providers routinely re-sell their services to other entities, and the subpoena return from one entity may not necessarily reveal the identity of the end user but instead that of another entity. As a result, Plaintiff seeks the additional subpoena here to continue working to identify the end user.

**Call 5 (323-238-4393 AC ¶¶ 58-62, FRD ¶¶ 17-18).** On February 23, 2024, Commio, LLC identified the next entity to which a subpoena should be directed to is Call Tools, Inc. **Exhibit 1**, Third Rojas Dec'l ("TRD") ¶ 4. Plaintiff seeks a subpoena directed

---

[1] Call Tools, Inc was also the entity identified by Onvoy, LLC as the next entity in the chain of ownership. This Court approved a subpoena as to Call Tools, Inc on February 23, 2024 (Dkt. 25), as to those telephone numbers.

-3-

at Call Tools, Inc, identifying the owner of 323-238-4393, which was the number displayed on Plaintiff's caller ID, on October 26, 2023 at 1:56 PM Pacific time. FRD ¶¶ 17-18. During this call, the caller identified themselves as being with "Great Builders." FRD ¶ 18. Plaintiff was able to call the telephone number back and was connected to a representative which stated that they were a "Home and Care Company." FRD ¶ 18. Plaintiff alleges this call utilized an automatic telephone dialing system (ATDS) for reasons including the longer than natural pause at the start of the telephone call. FRD ¶ 18.

. . .

Plaintiff notes that it is a frequent practice for one telecommunications company to re-sell services to another communications company and that is the basis for seeking multiple subpoenas for seemingly the same information. Plaintiff will move this Court for further subpoenas upon receiving returns from the current subpoena target to the extent the end user is not identified.

Because the phone owner must have provided their information to their telephone provider, the telephone provider would have that information to give to Plaintiff. Plaintiff requests the Court grant the issuance of the subpoena, attached as **Exhibit 2** for Call Tools, Inc:

- Information identifying the individual customer/wholesale customer/subscriber of 323-238-4393 as of October 26, 2023, including customer name, company name, address, telephone number, and e-mail.

The requested information will not prejudice any party. Plaintiff is currently prejudiced not being able to bring his claims against the true indispensable entity in this case because of Defendant's actions. In an abundance of caution, Plaintiff requests the order include a provision requiring customer notification to allow the target be given the opportunity to become aware of the subpoena prior to disclosure of their identity. The owner, to the extent they are not the telemarketer, will have an opportunity to oppose the lawsuit following amendment of the complaint. Whoever is behind "Great Builders", and

"Giant Builders" is utilizing another company's name as its own, and failing to provide its true identity to avoid identification and liability under the TCPA.

Fed. R. Civ. P. 26 gives the Court wide discretion to manage the discovery process. While expedited and early discovery is not the norm, situations like this support it. Defendant is currently allegedly making telemarketing calls without the required consent being received from the caller. In situations where discovery is requested early, Courts consider the entirety of the record to date, and the reasonableness of the request. The record to date establishes a prima facie case of violations of the TCPA. Plaintiff alleges Defendant has called Plaintiff at least once utilizing an ATDS despite not having the required consent to do so, (47 U.S.C. § 227(b)) as well as violations of the National Do Not Call Registry regulations (47 U.S.C. § 227(c), and 47 C.F.R. § 64.1200).

On a showing of "good cause," a Court may allow early discovery. *Semitool, Inc v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Good cause may exist where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* In evaluating a claim of good cause, courts in the Ninth Circuit regularly consider "(1) the concreteness of plaintiff's showing of a prima facie claim of actionable harm; (2) the specificity of the discovery requests; (3) the absence of alternative means to obtain the subpoenaed information; (4) the need for subpoenaed information to advance the claim; and (5) defendant's expectation of privacy." *Strike 3 Holdings, LLC, v. Doe*, 2022 WL 657932 at *1 (E.D. Cal. 2022) (citing *Arista Records LLC v. Doe 3,* 604 F.3d 110, 119 (2d Cir. 2010)).

Plaintiff satisfies factor 1 because he states a claim under the TCPA. Plaintiff satisfies factors 2 and 4 because the subpoenas are limited in nature to allow identification of the Defendant, amend the complaint, and service of process. Plaintiff is unable to identify another way of obtaining contact information for the party operating the telephone numbers because they are failing to provide accurate information (factor 3). Plaintiff attempted to get the information needed from the caller – such as their true entity name - but the caller refused to provide it or instead provided information for a company that isn't

them, likely because they are aware their actions violate the TCPA. Finally, there should be no significant privacy interest in the commercial transaction between an individual or entity operating a telemarketing scheme and the telephone provider (factor 5).

In a similar case in this district, the Court granted a request for early discovery to identify a TCPA defendant. *Stark v. ABC, Inc. et. al,* 19-cv-2405, Dkt. 13. There, the Court noted the following test:

"First, the court may require the plaintiff to sufficiently identify the unknown party so it is clear there exists a real person or entity; second, the court may ask the plaintiff to show it has made a good faith effort to identify and serve the defendant; third, the court may require the plaintiff to prove its claim could withstand a motion to dismiss; finally, the court may also ask the plaintiff to show that would make service of process possible."

Applying that test, the first factor is met as the telephone call received from Defendants identify that a true entity is behind the calls. Plaintiff has called at least some of the telephone numbers back and has identified that they are in fact in the same business as the telephone numbers placing the outbound calls.

As to the second factor, a good faith effort has also been made to identify Defendant prior to making this motion. Plaintiff was provided a website, which was the entity which was sued in the original Complaint (Dkt. 1). Those parties represented to the Plaintiff that they have not done business during the time period alleged in the Complaint. Plaintiff accordingly believes that another company is using generic and ambiguous names that are not their own. In any event, the subpoena will identify the true entity – and if it was in fact the company that Plaintiff sued, Plaintiff only dismissed them without prejudice and can seek amendment to add them back in.

As to the third factor, Plaintiff believes he has asserted all the elements of a TCPA claim in his Complaint. Plaintiff alleges that the Defendants used an automatic telephone dialing system in violation of 47 U.S.C. § 227(b) for reasons including the hearing of longer than natural pauses, dead air, and clicks prior to being connected to a representative, as well as violation of the National Do Not Call Registry, in violation of 47 U.S.C. § 227(c)

and the TCPA's implementing regulations codified at 47 C.F.R. § 64.1200. Plaintiff has also continued to receive telephone calls despite making verbal do not call requests to the caller as well as the caller stating during the last call alleged in the Amended Complaint that Plaintiff is not someone they want to do business with. AC ¶ 72. During the calls, solicitation of services for home construction for a property previously associated with Plaintiff, located within this district, were made. AC ¶ 10.

As to the fourth factor, the information gathered, including name and address, will allow the complaint to be amended and then service of process be commenced.

Although each case is individually evaluated on its own merits, this Court has granted Plaintiff's requests in similar situations in the past. *See Rojas v. Owner of Telephone Number 424-234-2076,* 2:22-cv-05742-PA-SK, Dkt. 17 (C.D. Cal., Oct. 11, 2022), *Rojas v. Owner of Greenhservices.com, et al*, 2:22-cv-06271-SPG-JEM, Dkts. 11, 16, 18, 26, *Rojas v. Owner of Telephone Number 310-955-5813,* 2:22-cv-04100-FLA-PVC, Dkt. 18 (C.D. Cal. Aug. 16, 2022). This Court also has previously granted a subpoena for the same information as to a different entity in this case. Dkt. 25.

To determine whether a plaintiff established good cause, courts consider whether the plaintiff has: (1) identified the Doe defendant with sufficient specificity as a real person who can be sued in federal court; (2) recounted the steps taken to locate and identify the defendant; (3) shown that the action can survive a motion to dismiss; and (4) established that the discovery is reasonably likely to lead to identifying information that will permit service of process. *Dhillon v. Doe*, No. C 13-1465 SI, 26 2013 U.S. Dist. LEXIS 141050, at *3 (N.D. Cal. Sept. 25, 2013) (citing *Columbia Ins. 27 Co. v. Seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999)).

The Court has already found that Plaintiff has satisfied the third *Dhillon* factor. Dkt. 18 at 4. A declaration asserting that the calls alleged in the FAC have taken place, the attempts to identify them, the substance of the call back calls, and the methods used to identify the carriers involved, was included in Plaintiff's prior application, Dkt. 19-1. Plaintiff's declaration in this new filing, **Exhibit 1**, pertains to the events surrounding the

new request. Plaintiff believes that he has sufficiently identified entities that can be sued – because he has identified the telephone numbers which have placed the phone calls and the earlier subpoena'd carrier has identified that the numbers in fact exist. FRD ¶ 23; SRD. Discovery is also reasonably likely to identify entities that can be sued and how they can be served – for example because the telecommunications companies will have address information on file for their customers using the telephone numbers complained of in this action. FRD ¶ 24.

This relief is sought ex parte because Plaintiff has not been able to hold a Rule 26 conference and the Defendant has yet to be identified.

As to jurisdiction, Plaintiff alleges the Court would have personal jurisdiction over the Defendants, as they are holding themselves out to be doing business in this District. The local area codes used are also located within this District.

Plaintiff requests the Court grant this request. Plaintiff will then request the Clerk issue the requested subpoena. Following being provided the requested information, Plaintiff will seek to file a Second Amended Complaint to reflect the correct indispensable party. Plaintiff will continue providing the Court with routine status reports pursuant to its earlier Court order (Dkts. 20, 25). A proposed order is included with this filing along with the proposed subpoena (**Exhibit 2**).

Respectfully submitted,

Dated: February 23, 2024

/s/ *Jorge Alejandro Rojas*
JORGE ALEJANDRO ROJAS
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582

/ / /

## CERTIFICATE OF SERVICE

As this is an ex parte application for which no Defendant has been identified yet, no copy of this filing was provided to any Defendant.

Dated: February 23, 2024

*/s/ Jorge Alejandro Rojas*
JORGE ALEJANDRO ROJAS

## L.R. 11-6.1 CERTIFICATE OF COMPLIANCE

The undersigned, Plaintiff Jorge Alejandro Rojas, certifies that this brief contains 2,723 words, based upon Microsoft Word's calculation, which complies with the word limit of L.R. 11-6.1.

Dated: August 23, 2023

*/s/ Jorge Alejandro Rojas*
JORGE ALEJANDRO ROJAS